# NO. 12-22-00271-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CHRISTINE REULE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Christine Reule, acting pro se, filed this original proceeding, in which she seeks a writ instructing Respondent to (1) provide a statement of facts and conclusions of law regarding an order declaring her a vexatious litigant, (2) allow her to proceed against certain defendants and to dismiss another proceeding, and (3) allow her to file a new lawsuit.[1]

However, the order declaring Reule vexatious includes a prefiling order which states, "Plaintiff is required to obtain permission from the local administrative judges of a court in which she intends to file litigation in this state and Smith County prior to filing any new litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West 2017) (court may enter order prohibiting person from filing, pro se, new litigation in a court to which order applies without permission of appropriate local administrative judge if court finds person is vexatious). Reule is included in the Office of Court Administration's list of vexatious litigants subject to a prefiling order.

A prefiling order entered by a district court applies to each court in this state. *Id*. § 11.101(e). A vexatious litigant subject to a prefiling order is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

---

[1] Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith County, Texas. The Real Parties in Interest include Brandon and Kevonne Workman, Thomas Harrington, the Harrington Family Trust, Paul Harrington, Amanda Mooney, and Bernard and Jeannie Chism.

> (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or
>
> (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

*Id*. § 11.102(a) (West 2017). A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *Id*. § 11.103(a) (West 2017).[2] "A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies." *In re Parson*, No. 05-21-00160-CV, 2021 WL 5832791, at *1 (Tex. App.—Dallas Dec. 9, 2021, orig. proceeding) (mem. op.).

On October 4, 2022, the Clerk of this Court notified Reule that her petition would be dismissed within ten days unless she filed a copy of the order from the local administrative judge permitting the filing of the petition. We granted Reule's request for an extension to obtain the order to November 16. That deadline passed without an order permitting the filing. Absent an order granting Reule permission to file this original proceeding, we lack jurisdiction; therefore, we *dismiss* the petition for writ of mandamus for *want of jurisdiction*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (West 2017) (court shall dismiss litigation unless plaintiff obtains order from appropriate local administrative judge permitting filing of litigation); *see also In re Johnson*, No. 14-22-00332-CV, 2022 WL 3093195, at *1 (Tex. App.—Houston [14th Dist.] Aug. 4, 2022, orig. proceeding) (per curiam) (mem. op.) (dismissing original proceeding for want of jurisdiction where relator failed to provide an order from local administrative judge permitting filing); *Parson*, 2021 WL 5832791, at *1 (same).

Opinion delivered November 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] There is an exception for appeals from the prefiling order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d) (West 2017).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2022**

**NO. 12-22-00271-CV**

**CHRISTINE REULE,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Christine Reule; who is the relator in appellate cause number 12-22-00271-CV and a party to trial court cause number 18-1871-C, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on September 30, 2022, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*